IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| | § Criminal Action No. |
| vs. | § 3:20-CR-334-K |
| | § |
| ANTHONY LOUIS HUBBARD | § |

### FINDINGS, CONCLUSION AND RECOMMENDATION

By electronic order of reference dated October 27, 2022 (doc. 55), before the Court are the *Petition for Person Under Supervision*, filed September 28, 2022 (doc. 43), and the *Addendum to Petition for Person Under Supervision*, filed October 11, 2022 (doc. 52). The defendant appeared in person and through counsel for a final revocation hearing on November 1, 2022. After consideration of the filings, evidence, testimony, oral argument, and applicable law, the defendant's term of supervised release should be **REVOKED**, and he should be sentenced to an additional term of imprisonment of **ELEVEN (11)** months, with no additional term of supervised release to follow.

### I.  BACKGROUND

Anthony Louis Hubbard (Defendant), was charged by a one-count indictment with possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (*See* doc. 1.)[1] He pleaded guilty to the indictment, and by judgment entered on October 6, 2021, he was sentenced to time served, to be followed by a one-year term of supervised release. (*See* docs. 25-27, 29, 31, 35, 40.) He began his term of supervised release on October 6, 2021. (*See* doc. 43.)

A.  **Alleged Violations**

On September 28, 2022, the supervising United States Probation Officer (USPO) submitted

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

a petition for person under supervision (Petition) alleging the following violations:

**I.**[2]

**Violation of Mandatory Condition No. 1**

You must not commit another federal, state or local crime.

**Violation of Mandatory Condition No. 2**

You must not unlawfully possess a controlled substance.

**Violation of Standard Condition No. 10**

You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

**Nature of Noncompliance**

Anthony Hubbard violated these conditions of supervised release when he possessed illegal drugs and firearms on May 1, 2022, as evidenced by his arrest by Dallas Police Department (DPD) for Possession of Marijuana Greater Than 2 ounces Less Than 4 ounces, in violation of Texas Health and Safety Code 481.121(B)(2), a Class A misdemeanor; Possession a Controlled Substance in Penalty Group 1 Greater or Equal to 1 Gram Less Than 4 Gram, in violation of Health and Safety Code 481.115(C), a State Jail felony; and Unlawful Possession of a Firearm by a Felon, in violation of Texas Penal Code Section 46.04(E), a State Jail felony.

According to arrest report number 22-011955, Mr. Hubbard was stopped for a traffic violation by DPD Officers Israel Marquez(Officer Marquez) and Alexander Scott (Officer Scott). During the traffic stop, Officer Marquez asked Mr. Hubbard if there were any weapons or drugs in the vehicle. Mr. Hubbard informed Officer Marquez that there was marijuana inside the vehicle. Upon his admission, Mr. Hubbard was requested to step out of the vehicle. During a subsequent search of the vehicle, by Officer Scott, he located a Taurus 9-millimeter (mm) handgun, two magazines, and 64 rounds of 9mm ammunition. He also located on the driver's seat, a clear plastic baggie which contained several multi-colored pills, a backpack containing a green leafy substance, a scale, and several empty baggies. Officer Marquez conducted a field test on the pills and green leafy substance, which yielded positive for methamphetamine and marijuana.

At the conclusion of the investigation, Mr. Hubbard was placed under arrest and booked into

---

[2] The allegations in Section I of the Petition were withdrawn by the government at the beginning of the revocation hearing.

the Dallas County Detention Center. On May 1, 2022, he was arraigned before Dallas County Magistrate Judge Sean Colston and given a $24,000 bond. Currently, Mr. Hubbard remains out on bail with Dallas County.

## II.

### Violation of Mandatory Condition No. 3

You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

### Violation of Special Condition

The defendant shall participate in an outpatient program approved by the U.S. Probation Office for treatment of narcotic, drug, or alcohol dependency, which include testing for the detection of substance use or abuse. The defendant shall abstain from the use of alcohol and/or all other intoxicants during and after completion of treatment. The defendant shall contribute to the costs of services (copayment) at a rate determined by the probation officer.

### Nature of Noncompliance

Anthony Hubbard violated these conditions of supervised release by using marijuana and amphetamine, illegally controlled substances, on or about April 2022. On April 14, 2022, Mr. Hubbard submitted a urine specimen at the U.S. Probation Office, in Dallas, Texas, in the presence of Sr. U.S. Probation Officer Korah Pounds (Sr. USPO Pounds), which tested positive for marijuana and amphetamine. On this date, Mr. Hubbard verbally admitted to ingesting marijuana gummi bears at a party. Sr. USPO Pounds presented him with a urinalysis admission form, which he refused to sign. On May 5, 2022 and May 8, 2022, Alere Toxicology reports confirmed the urine specimen were positive for marijuana and methamphetamine.

Anthony Hubbard violated these conditions of supervised release by using marijuana and amphetamine, illegally controlled substances, on or about April 2022. On April 22, 2022, Mr. Hubbard submitted a urine specimen at the U.S. Probation Office, in Dallas, Texas, in the presence of Sr. USPO Pounds, which tested positive for marijuana and amphetamine. On May 14, 2022 and May 21, 2022, Alere Toxicology reports confirmed the specimen were positive for marijuana and methamphetamine.

Anthony Hubbard violated these conditions of supervised release by using marijuana and amphetamine, illegally controlled substances, on or about August 2022. On August 29, 2022, Mr. Hubbard submitted a urine specimen at the U.S. Probation Office, in Dallas, in the presence of Sr. USPO Pounds, which tested positive for marijuana and amphetamine. On September 11, 2022 and September 15, 2022, Alere Toxicology reports confirmed the

specimen were positive for marijuana and methamphetamine.

### III.

**Violation of Special Condition**

The defendant shall participate in a program (inpatient and/or outpatient) approved by the U.S. Probation Office for treatment of narcotic, drug, or alcohol dependency, which will include testing for the detection of substance use or abuse. The defendant shall abstain from the use of alcohol and/or all other intoxicants during and after completion of treatment. The defendant shall contribute to the costs of services (copayment) at a rate determined by the probation officer.

**Nature of Noncompliance**

Anthony Hubbard violated this condition of supervised release by failing to submit a urine specimen at contract vendor, Homeward Bound, Incorporated (HBI), in Dallas, Texas on April 18, 2022, May 11, 2022, May 17, 2022, June 6, 2022, July 14, 2022, July 21, 2022, August 10, 2022, August 25, 2022, and Sept 6, 2022.

(*See* doc. 43.)

Defendant was arrested and made his initial appearance in this district on October 7, 2022. (*See* doc. 46.) On that date, he waived his rights to a preliminary hearing under Fed. R. Civ. P. 32.1 and to a detention hearing, and was ordered detained pending a revocation hearing. (*See* docs. 49-51.)

On October 11, 2022, the USPO submitted an addendum (Addendum) to the Petition alleging the following violations:

### IV.

**Violation of Mandatory Condition No. 2**

You must not unlawfully possess a controlled substance.

**Violation of Mandatory Condition No. 3**

You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

4

**Violation of Special Condition**

The defendant shall participate in an outpatient program approved by the U.S. Probation Office for treatment of narcotic, drug, or alcohol dependency, which will include testing for the detection of substance abuse use or abuse. The defendant shall abstain from the use of alcohol and/or all other intoxicants during and after completion of treatment. The defendant shall contribute to the costs of services (copayment) at a rate determined by the probation officer.

**Nature of Noncompliance**

Anthony Hubbard violated these conditions of supervised release by possessing marijuana and amphetamine, illegally controlled substances, on or about October 2022. On October 5, 2022, Mr. Hubbard submitted a urine specimen at the U.S. Probation Office in the presence of Senior U.S. Probation Officer Korah Pounds (Sr. USPO Pounds). Sr. USPO Pounds conducted an instant test which yielded positive for marijuana and methamphetamine. Mr. Hubbard denied any drug use and blamed any possible use on his girlfriend. Due to Your Honor issuing an arrest warrant on September 29, 2022, on October 4, 2022, Mr. Hubbard was taken into custody by deputies of the U.S. Marshals. During a search of Mr. Hubbard's person and incident to his arrest, Mr. Hubbard was found to be possession of marijuana and methamphetine. The illegal substances were in Mr. Hubbard's pants pocket and in the lanyard pouch around his neck. The illegal substances were packaged in two separate small clear plastic baggies. A presumptive confirmation of the methamphetine was tested by Dallas Police Department Gang Unit Officer C. Chamberlain using a NarcoPouch #923/#902 field test kit and it screened positive for methamphetamine.

(See doc. 52.)

**B.   Revocation Hearing**

After consulting with counsel, Defendant appeared for a final revocation hearing on November 1, 2022. After his competence was established, Defendant testified under oath that he understood the violations alleged in the Petition, and the range of punishment for those violations. He understood that he had the right to plead not true and have a hearing concerning whether he committed those violations. He understood that revocation was mandatory. Despite his understanding, Defendant knowingly and voluntarily consented to enter a plea of true to the violations alleged in the Petition and Addendum before a United States Magistrate Judge. He sought to be heard, however, on the issue of the appropriate sentence.

5

At the conclusion of the hearing, it was orally recommended that the plea of true be accepted by the district judge, that Defendant's term of supervised release be revoked, and that he be sentenced to an additional term of imprisonment of **ELEVEN** months with no additional term of supervised release. Defendant was advised of his right to appear and speak, and to have his counsel appear and speak, before the assigned district judge prior to sentence being imposed.

## II. ANALYSIS

Section 3583(e)(3) of Title 18 provides that after considering the factors set out in § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), a court may

> revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve on any such revocation more than 5 years in prison if the offense that resulted in the term of supervised release is a class A felony, more than 3 years in prison if such offense is a class B felony, more than 2 years in prison if such offense is a class C or D felony, or more than one year in any other case[.]

18 U.S.C. § 3583(e)(3). The relevant factors in § 3553(a) to be considered are:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed--
> \*\*\*
>    (B) to afford adequate deterrence to criminal conduct;
>    (C) to protect the public from further crimes of the defendant; and
>    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> \*\*\*
> (4) the kinds of sentence and the sentencing range established for--
>    (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--
>       (i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be

>>incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
>>(ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or
>(B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);
>(5) any pertinent policy statement--
>>(A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
>>(B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.
>(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>(7) the need to provide restitution to any victims of the offense.

18 U.S.C. §§ 3553(a), 3583(e)(3).[3]  Revocation of a term of supervised release is mandatory if the defendant possesses a controlled substance, possesses a firearm, refuses to comply with drug testing, or tests positive for illegal controlled substances more than three times over the course of one year. 18 U.S.C. § 3583(g).

Based on his knowing and voluntary plea of true to the remaining violations in the Petition and Addendum, the Court finds that Defendant has violated Mandatory Condition No. 3 and the Special Conditions alleged in the Petition, and Mandatory Conditions Nos. 2 and 3 and the Special Condition alleged in the Addendum.  Because he violated his conditions of supervised release by possessing a

---

[3] The Fifth Circuit Court of Appeals has held that courts may not consider the factors listed in § 3553(a)(2)(A), which include "the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," when revoking a term of supervised release. *United States v. Miller*, 634 F.3d 841 (5th Cir. 2011).  Nor may courts impose or lengthen a prison term in order to foster a defendant's rehabilitation. *United States v. Tapia*, 131 S.Ct. 2382 (2011).

controlled substance, refusing to comply with drug testing, and testing positive for illegal controlled substances more than three times over the course of one year, revocation of his supervised release is mandatory.

As set out in the Petition, the statutory maximum term of incarceration upon revocation of Defendant's supervised release is two years. (*See* doc. 43 at 4, citing 18 U.S.C. § 3583(e)(3).) Based upon a violation grade of C (after the Government withdrew the violations in Section I of the Petition) and a criminal history category of VI, the resulting range of imprisonment under United States Sentencing Guideline (USSG) § 7B1.4(a) is 8 to 14 months. (*Id.*) Defendant may also be placed back on supervised release following any term of imprisonment imposed upon revocation, but the maximum term of supervised release must not exceed the term of supervised release authorized by state for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation. (*Id.*, citing 18 U.S.C. § 3583(h); *U.S v. Jackson*, 559 F.3d 368 (5th Cir. 2009).) Defendant is subject to a maximum term of supervised release of up to three years, minus any revocation sentence. (*See* docs. 43, 52.)

After considering the relevant factors identified in § 3583(e) that are set forth in § 3553(a), and not considering any factor that it is precluded from considering under Supreme Court or Fifth Circuit authority, the Court finds that a custody sentence of **ELEVEN** months, with no additional term of supervised release to follow, is sufficient but not greater than necessary to accomplish the relevant sentencing objectives. This sentence is warranted under the facts of this case. According to the Petition, Defendant had three pending state charges at the time he began supervision. His conditions of release were modified to address his mental health and substance abuse history, although he was not referred for services after completion of a mental health assessment. After he tested positive for

marihuana and methamphetamine in April 2022, only 6 months after his release, he was arrested on state charges. He continued to violate his conditions of release by using methamphetamine and marihuana, and he was in possession of both at the time of his arrest inside the federal building. (*See* docs. 43, 52.) Defendant has not been able to succeed on supervised release after being given a fair opportunity to do so, and a custody sentence with no additional term of supervised release to follow, will afford adequate deterrence and protect the public from further crimes.

### III. RECOMMENDATION

Defendant's plea of true to the violations in the Petition should be accepted, his term of supervised release should be **REVOKED**, and he should be committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **ELEVEN (11) MONTHS**, with no additional term of supervised release to follow.

**SO RECOMMENDED on this 1st day of November, 2022.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

9

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

      A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                                        _____
                                                        IRMA CARRILLO RAMIREZ
                                                        UNITED STATES MAGISTRATE JUDGE